**Eric GANT, Plaintiff–Appellant,**

v.

**Jim NICHOLSON, Secretary, Department of Veterans Affairs; United States of America, Defendants–Appellees.**

No. 05–11115
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Aug. 28, 2006.

Eric Gant, Grand Prairie, TX, pro se.

Stephen P. Fahey, U.S. Attorney's Office, Dallas, TX, for Defendants–Appellees.

Before DAVIS, SMITH, and WIENER, Circuit Judges.

PER CURIAM: *

Eric Gant appeals the district court's dismissal for lack of subject matter jurisdiction of his complaint against the Secre-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

tary of the Department of Veterans Affairs (VA). Gant argues that the court had jurisdiction over his claims that the VA terminated his benefits without notice and in retaliation for earlier litigation. We conclude that the district court properly dismissed the suit for lack of jurisdiction. *See Zuspann v. Brown*, 60 F.3d 1156, 1158–59 (5th Cir.1995); 38 U.S.C. § 511.

Gant's appeal is without arguable merit and is frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir.1983). The appeal is therefore dismissed. 5TH CIR. R. 42.2.

We have previously imposed sanctions on Gant for filing frivolous appeals, and we have reiterated our sanction warning in other cases. *Gant v. Principi*, 180 Fed. Appx. 489 (5th Cir.2006)(unpublished); *Gant v. Lockheed Martin Corp.*, 152 Fed. Appx. 396 (5th Cir.2005)(unpublished). Because Gant continues to file frivolous appeals, IT IS ORDERED that he now pay sanctions in the amount of $250, payable to the clerk of this court. The clerk of this court and the clerks of all federal district courts within this circuit are directed to refuse to file any civil complaint or appeal by Gant unless Gant submits proof of satisfaction of this sanction. If Gant attempts to file any further notices of appeal or original proceedings in this court without such proof the clerk will docket them for administrative purposes only. Any other submissions which do not show proof that the sanction has been paid will neither be addressed nor acknowledged.

APPEAL DISMISSED; SANCTION IMPOSED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.